```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**ERNEST D. BROWN,**

    **Plaintiff,**

v.                                    Civil Action No. 2:05-cv-00767

**JO ANNE B. BARNHART,**
**Commissioner of Social**
**Security,**

    **Defendant.**

<u>**MEMORANDUM OPINION**</u>

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Supplemental Security Income ("SSI"), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  This case is presently pending before the court on Plaintiff's Motion for Summary Judgment on the Pleadings and Defendant's Brief in Support of Judgment on the Pleadings.  Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, Ernest D. Brown (hereinafter referred to as "Claimant"), protectively filed an application for SSI on February 11, 2004 alleging disability as of July 2, 2003, due to back pain, arthritis, high blood pressure, carpal tunnel syndrome, knee problems, and shoulder problems. (Tr. at 12, 65, 77.)  The claim was denied initially and upon reconsideration. (Tr. at 43-44.)  On

February 12, 20005, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 57.) The hearing was held on June 30, 2005 before the Honorable Arthur L. Conover. (Tr. at 23-42.) By decision dated July 15, 2005, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 11-19.) The ALJ's decision became the final decision of the Commissioner on August 15, 2005, when the Appeals Council denied Claimant's request for review. (Tr. at 3-5.) On September 16, 2005, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2005). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If

the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f)(2005). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in

3

substantial gainful activity since the alleged onset date. (Tr. at 12.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative disc disease, obesity, bilateral carpal tunnel syndrome, and right shoulder bursitis. (Tr. at 14.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 14.) The ALJ then found that Claimant has a residual functional capacity for a range of light work, reduced by nonexertional limitations. (Tr. at 16.) Claimant has no past relevant work. (Tr. at 16.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as a gate guard, parking lot attendant, and hand packer, which exist in significant numbers in the national economy. (Tr. at 17.) On this basis, benefits were denied. (Tr. at 17-19.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting

Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was 45 years old at the time of the administrative hearing. (Tr. at 12, 24.) He has a high school education. (Tr. at 25.) He has no past relevant work experience; however, in the past, he took cash to fix cars in his garage, and also worked variously as a cook, a dozer operator, timber cutter and coal logger. (Tr. at 28.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to properly consider his pain and credibility; and (2) the ALJ failed

to consider his impairments in combination. For these reasons, Claimant contends that the ALJ's decision was not supported by substantial evidence. (Pl.'s Br. at 10-14.) The Commissioner responds that the ALJ correctly applied the law to the facts, and that his decision was supported by substantial evidence in all respects. (Def.'s Br. at 11-17.)

1. Pain and Credibility

A two-step process is used to determine whether a claimant is disabled by pain. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain alleged. 20 C.F.R. § 416.929(b)(2005); SSR 96-7p, 1996 WL 374186 (July 2, 1996); see also, Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the pain and the extent to which it affects a claimant's ability to work must be evaluated. Craig, 76 F.3d at 595. When a claimant proves the existence of a medical condition that could cause pain, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's

symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. § 416.929(c)(4)(2005). Additionally, the regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3)(2005).

SSR 96-7p repeats the two-step regulatory provisions:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be

> shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. * * * If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186, at *2. Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of

causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p, 1996 WL 374186, at *2 ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record").  For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain.  Craig, 76 F.3d at 595. Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision.  The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

Claimant argues that the ALJ failed to properly apply this analysis.  (Pl.'s Br. at 11-12). The court disagrees. The ALJ acknowledged and engaged in the analysis on pages 14-15 of his opinion.  He found that Claimant met the threshold inquiry, and then proceeded to recount Claimant's subjective complaints, aggravating factors to his conditions, and his chosen measures of relief.  He then found, however, that the objective findings and level of medical treatment did not support Claimant's reports of

9

disabling pain.  (Tr. at 15.) For example, on page 13 of the opinion, the ALJ observed that while Claimant's x-rays showed mild degenerative joint disease of the AC joint, the MRI of his right shoulder was normal.  Claimant could flex to 170 degrees, hold against resistance at 90, abduct to 130, rotate externally to 70, and rotate internally to 80; all within normal limits except for his internal rotation, which was limited to 35 degrees on active range of motion.  (Tr. at 13, <u>citing</u> Exhibits 2F (tr. at 147-193) and 5F (tr. at 212-225).)  Claimant also had a normal chest x-ray, and a baseline EKG reflecting that Claimant had normal sinus rhythm, ability to achieve seven METS of workload with exercise, a normal blood pressure response with exercise and no significant arrhythmia.  (Tr. at 13-14, <u>citing</u> tr. at 220-221, 179, 175-176.)

The ALJ then noted that Claimant's carpal tunnel treatment was conservative, consisting of only wrist support for his hand and shots in his shoulder.  Claimant had only been prescribed Sulindac (an anti-inflammatory), which he took together with over-the-counter medication for pain.  Claimant had not undergone any physical therapy, had epidural injections, or used a TENS unit for relief, because he alleged that the distance to physical therapy was too far.  (Tr. at 15.)  His treatment consisted of home exercises and use of a moist heating pad.

The ALJ further considered the findings of consultative examiner Nilima Bhirud, M.D., who found upon examination that

Claimant had mild lumbar tenderness, forward flexion to 90 degrees, and no neurologic deficits in his lower extremities. (Tr. at 15, citing Exhibit 1F, tr. at 140-143.) Dr. Bhirud reported that Claimant could pick up a coin from the floor. There was no swelling or tenderness in either hand and his joints and grip were normal. (Tr. at 142.) He was mildly tender in his lumbar spine, but straight leg raising was negative on both sides. (Tr. at 142.) He had a normal gait, was comfortable in sitting and standing positions, and could squat. (Tr. at 141.)

Likewise, the ALJ noted office records from the VA which revealed that Claimant had no gross motor atrophy or abnormalities in his extremities, and that his muscle strength was equal in his upper and lower extremities. (Tr. at 15, tr. at 147-193, 212-225.) On January 5, 2005, examination of Claimant's right shoulder was within functional limits of active range of motion, with the exception of internal rotation, which was approximately 35 degrees. He had good/normal strength, no tenderness to touch, and no redness or swelling. (Tr. at 15-16, citing Exhibits 2F (tr. at 147-193) and 5F (tr. at 212-225, especially 215).) The ALJ then considered the side effects of Claimant's medication, and determined that these would not interfere with any of the jobs proposed by the VE. (Tr. at 16.)

Next, the ALJ noted that Claimant did laundry; vacuumed; paid bills; performed household repairs; managed the bank account; ran

11

errands; washed the car; cut his grass with a riding mower; took care of his wife; and shopped for food, clothing, books, magazines, and medication. (Tr. at 16, citing Exhibit 3E, tr. at 91-97.) The ALJ found that these activities were inconsistent with Claimant's alleged extreme and constant pain. Id.

Claimant argues that in noting that Claimant did not travel for therapy because the distance was too far, the ALJ somehow was attempting to penalize him for being poor. (Pl.'s Br. at 12.) The ALJ made no such comment. Instead, the ALJ was properly considering whether Claimant's pursuit of pain relief corresponded with the level of pain he alleged. Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994)(an unexplained inconsistency between the claimant's characterization of the severity of his condition and the treatment sought to alleviate that condition is highly probative of the claimant's credibility). The fact that Claimant did not pursue therapy or injections or other forms of relief from other sources can fairly be considered to indicate that his pain did not rise to the disabling level he claimed. The ALJ was free to draw this conclusion, especially considering it in light of other facts discussed above.

Finally, the ALJ considered the opinions of state agency medical sources Amy Wirts, M.D. and Rafael Gomez, M.D., who reviewed Claimant's medical records from all his impairments and opined that he was capable of medium work and light work,

12

respectively.  (Tr. at 16, <u>citing</u> tr. at 3F (tr. at 199) and 4F (tr. at 208).)  Clearly, their findings did not support Claimant's allegations that he was totally disabled by pain.

The undersigned finds that the ALJ properly applied the <u>Craig</u> analysis and that his findings concerning Claimant's degree of pain and his credibility were supported by substantial evidence.

2.   <u>Combination of Impairments</u>

The social security regulations provide,

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

20 C.F.R. § 416.923 (2005).  Where there is a combination of impairments, the issue "is not only the existence of the problems, but also the degree of their severity, and whether, together, they impaired the claimant's ability to engage in substantial gainful activity." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 398 (4th Cir. 1974). The ailments should not be fractionalized and considered in isolation, but considered in combination to determine the impact on the ability of the claimant to engage in substantial gainful activity.  <u>Id.</u>  The cumulative or synergistic effect that the various impairments have on claimant's ability to work must be analyzed. <u>DeLoatche v. Heckler</u>, 715 F.2d 148, 150 (4th Cir. 1983).

13

Claimant argues that the ALJ failed to consider his impairments of low back pain, obesity, bilateral carpel tunnel syndrome and right shoulder bursitis together. (Pl.'s Br. at 12-13.) He states that the ALJ simply listed these impairments without taking anything else into consideration. (Pl.'s Br. at 13.)

First, the ALJ expressly acknowledged his duty to consider impairments in combination. (Tr. at 14, stating that Claimant's impairments were severe, but not "severe" enough to meet or medically equal, *either singly or in combination*, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.) Next, the ALJ's thorough discussion of all Claimant's complaints and medical findings pertaining to each of these reflects that he did in fact consider the impairments in combination. (Tr. at 12-18.) Further, the ALJ adopted the limitation of light work[1] and the restrictions proposed by state agency medical consultants, Amy Wirts, M.D. and Rafael Gomez, M.D., who both considered Claimant's impairments in combination after reviewing all of his medical records. (Tr. at 16, <u>citing</u> tr. at 3F (tr. at 194-201) and 4F (tr. at 203-210).) Finally, the ALJ posed a hypothetical question to the VE which combined those limitations which had been proven as resulting from these impairments. (Tr. at 39-40.)

---

[1] Dr. Wirts found that Claimant was capable of medium work, while Dr. Gomez reduced this to light work. (Tr. at 199, 208.) The ALJ adopted the greater restriction of Dr. Gomez.

The court finds that the ALJ properly considered Claimant's impairments in combination, and that his opinion was supported by substantial evidence.

Burden of Proof

In a paragraph preceding his arguments, Claimant asserts that by satisfying inquiry no. 4 of the sequential analysis, he established a prima facie case of disability. (Pl.'s Br. at 10.) Defendant argues that this is incorrect, and that the burden of proof remains with the Claimant throughout even step five of the analysis. Defendant vigorously argues that only the burden of production shifts to the Commissioner, who must demonstrate that alternative jobs exist in the national economy that Claimant can perform. (Def.'s Br. at 12-14.)

Given the court's finding that the ALJ's decision is supported by substantial evidence, it is not necessary to address these arguments. However, the court notes that well-established precedent in the Fourth Circuit holds that, by satisfying the first through fourth inquiries, the Claimant does indeed establish a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth inquiry: whether the Claimant is able to perform other forms of substantial gainful activity, considering Claimant's remaining physical and mental capacities and his age, education and

prior work experience.  20 C.F.R. § 416.920(f)(2005).  Hence, by establishing steps one through four, Claimant did indeed make a prima facie case for disability.  However, the Commissioner met its burden of proof that there is substantial gainful activity which Claimant can perform.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is supported by substantial evidence.  Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Summary Judgment on the Pleadings is **DENIED**, Defendant's Motion for Judgment on the Pleadings is **GRANTED**, the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the docket of this court.

The Clerk of this court is directed to provide copies of this Order to all counsel of record.

**ENTER**: September 20, 2006

*[Signature: Mary E. Stanley]*
Mary E. Stanley
United States Magistrate Judge